# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD SCHWARCK, as Personal
Representative, of the Estate of KAREN
SCHWARCK, deceased,

        Plaintiff-Appellant,

v

ARCTIC CAT INC., a Minnesota Corporation,

        Defendant-Appellee,

and

RENTAL EXPRESS INC.,

        Defendant,

and

T & RC COMPANY d/b/a INDIAN RIVER
SPORTS CENTER,

        Defendant.

UNPUBLISHED
January 14, 2016

No. 322696
Mackinac Circuit Court
LC No. 12-007341-NP

JOSHUA BONNO, as Personal Representative, of
the Estate of EDITH BONNO,

        Plaintiff-Appellant,

v

ARCTIC CAT INC, a Minnesota Corporation,

        Defendant-Appellee,

and

RENTAL EXPRESS INC.,

        Defendant,

No. 325439
Mackinac Circuit Court
LC No. 12-007349-NP

and

T & RC COMPANY d/b/a INDIAN RIVER
SPORTS CENTER,

          Defendant,

and

DONALD SCHWARCK, as Personal
Representative, of the Estate of KAREN
SCHWARCK, deceased,

          Defendant.

---

Before:  MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

RIORDAN, J. (*dissenting*)

I would affirm.

The trial court wrote, "[t]here is little dispute as to what happened in the snowmobile accident that claimed the lives of the two sisters" on Mackinac Island.  They "travelled an approximate distance of 25 feet in reverse and through a split rail fence over a steep precipice some 40 feet below" and, unfortunately, met untimely deaths.  Also, unfortunately, there were no witnesses to the accident.  Instead, we are left with speculation regarding the cause of the accident, which arises from competing theories offered since that fateful evening.  Those theories are based on first-responder witness observation of snow tracks and the fact that the gear shift was positioned in the "silent reverse" zone when the snowmobile was found after falling forty feet down a cliff.

The plaintiffs have chosen a version involving a three-point turn and the existence of snow tracks to support the theory of a "second stop."  They speculate that Mrs. Schwarck attempted to engage the snowmobile's gear shift in the forward gear after the "second stop," but, instead, the gear engaged in reverse, and the back-up alarm failed to activate.  Other theories suggest that the snowmobile ran onto bare ground and Mrs. Schwarck hit the throttle harder to dislodge it; that momentum pushed the riders forward into the throttle; or that a camera case hit the gear shift when the snowmobile was turning, so that it then lurched and pushed the passenger forward into the driver, which, in turn, caused her to accelerate the throttle while going in reverse.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages."  *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000) (footnote omitted).  The third element includes both cause in fact and proximate or legal cause.  *Id.* at 6 n 6; *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 496; 668 NW2d 402 (2003).  In general, to prove the cause in fact element, a plaintiff is required to show that "but for" the

defendant's actions, the plaintiff's injury would not have occurred. *Skinner v Square D Co,* 445 Mich 153, 163; 516 NW2d 475 (1994). A plaintiff cannot establish legal or proximate cause without first establishing cause in fact. *Id.* "While a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was *a* cause." *Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). The plaintiff may prove causation through circumstantial evidence, but that evidence "must facilitate reasonable inferences of causation, not mere speculation." *Skinner*, 445 Mich at 164. "An explanation that is consistent with known facts but not deducible from them is impermissible conjecture." *Wiley*, 257 Mich App at 496. To establish cause in fact, a plaintiff must present substantial evidence from which a jury could conclude that, more likely than not, the plaintiff's injuries would not have occurred but for the defendant's conduct. *Skinner*, 445 Mich at 164-165. It is not "sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id*. at 164.

At the crux of plaintiffs' allegations is that the gear shift was in the "silent reverse" mode at the time of the accident, and if the back-up alarm had activated, the accident never would have occurred. While all parties agree that the alarm was operable at the time of the accident, plaintiffs contend that because the bent gear shift lever was found in the "silent" zone, it must have been in that position when the snowmobile traversed over the cliff.[1] But, as the trial court ruled, to accept this theory, one would have to disregard the significant likelihood that the gear shift lever was moved from another position as a result of the machine falling forty feet over the cliff, through trees and rough terrain, until it reached its final resting spot. In essence, as the trial court ruled, the plaintiffs' case is premised upon speculation regardless of whether the "second stop" theory is accepted as true. As such, the record offers nothing but speculation as to the causation of this unfortunate chain of events.

As there are different theories of causation at play in this case, there is not substance enough in the factual record to implicate the defendant's alleged negligence as a cause of this tragic accident. While the plaintiffs' theory of what happened is a possibility, it is no more probable that any of the other contemplated theories. Because there is no evidence to suggest that one explanation is more probable than another, and we are left with mere speculation, the evidence in the record does not establish a genuine issue of fact with respect to the causation element of plaintiffs' claim. *Skinner,* 445 Mich at 166-167.

Therefore, the trial court properly granted defendant's motion for summary disposition.

/s/ Michael J. Riordan

---

[1] It is significant that the report prepared by plaintiffs' expert notes that after the accident, the snowmobile transmission was in the "forward" position despite the fact that the machine had not been operated since the accident.